UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELIZABETH PAYTON, wife/of and SEAN PAYTON | * * * | CASE NO. |
| Plaintiffs, | * * | SECTION: |
| Versus | * * | JUDGE: |
| KEVIN HOUSER, SECURITIES AMERICA, INC., and AMERICAN INTERNATIONAL SPECIALTIES LINES INSURANCE CO. | * * * * | MAGISTRATE: |
| Defendants, | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

## CLASS ACTION

THE COMPLAINT of **ELIZABETH PAYTON, wife/or and SEAN PAYTON**, suing individually and on behalf of a class of others similarly situated, respectfully represents and avers as follows:

### Plaintiffs

1.

Plaintiff, **Elizabeth Payton,** is a person of the full age of majority and a resident of the State of Louisiana.

2.

Plaintiff, **Sean Payton,** is a person of the full age of majority and a resident of the State of Louisiana.

Page  1

## Defendants

3.

Made defendants herein are

(A) **Kevin Houser,** ("Houser"), a person of the full age of majority and a resident of the State of Ohio.

(B) **Securities America, Inc.,** ("Securities America"), a Delaware Corporation with its principal place of business in the State of Ohio, doing business in Louisiana, including at 601 Poydras Street, in the City of New Orleans, State of Louiana.

(C) **American International Specialties Lines Ins., Co.,** ("American International"), a foreign insurance company authorized to be engaged and actually engaged in the business of insurance within the State of Louisiana.

Defendant House, Securities American and American International are collectively referred to as the "Houser Defendants."

## Jurisdiction

4.

This Court has Jurisdiction pursuant to 28 U.S.C. § 1332 in that it is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5.

Defendant, Houser, is a licensed securities broker with experience in the sale of investment tax credits issued by the State of Louisiana for the promotion of its movie industry.

6.

Defendant, Houser, entered into a business relationship with Wayne Read ("Read"), a promoter and purported owner of Louisiana Film Studios, LLC, (hereinafter "LFS") a business engaged in the production of commercial and other film ventures.

7.

In November of 2008, Houser informed Plaintiffs and others that Read, through LFS, had qualified for State Tax Credits (Louisiana Infrastructure Tax Credits), which credits are marketable to third parties and others for the purpose of raising capital for LFS and the benefit of a tax credit to the purchasers.

8.

Defendant Houser, a professional football player with the New Orleans Saints, promoted, as an agent of and/or in association with Defendant Securities American Inc., the tax credits to Plaintiff and others who were teammates, coaches and a former team member as a means to raise money for LFS in exchange for which the Plaintiffs and others would receive the tax credits. The Plaintiffs and other purchasers were purchasing tax credits, *not* investing in LFS, nor any other studio, motion picture, production, nor production company; the tax credits are *not* "securities" within the meaning of the Private Securities Litigation Reform Act ("PSLRA") or the Securities Litigation Reform Act of 1934, § 10(b).

9.

On or about November 21, 2008, Petitioners Payton provided One Hundred Forty-Four Thousand Dollars ($144,000.00) to Houser and Securities America for which he was to receive $180,000.00 in state tax credits.

10.

While the funds were made payable to LFS, Payton reasonably believed that his money was to be put in escrow and held in trust until the tax credits were certified by the State of Louisiana and delivered to them on or about March 31, 2009.

11.

Houser had previously brokered transactions involving Louisiana Infrastructure Tax Credits and/or Certified Louisiana Film Tax credits.  In those transactions, upon information and belief, escrow accounts or other protections were established and maintained to ensure that the purchase funds were not released until the tax credits were issued.  In any event, based on prior experience, education, and/or the standards of the profession, Defendant Houser knew or should have known of the necessity to sequester and protect funds intended for the purchase of tax credits from being co-mingled, wasted and/or otherwise expended for purposes for which they were not intended and/or for which not tax credits would be earned.

12.

Despite repeated demands for information on either the issuance of the agreed upon tax credits or the return of funds, Houser continued to represent to Plaintiffs that the tax credits would be delivered, or their money returned to them.

13.

Upon information and belief, at the time Houser was soliciting Plaintiffs to purchase the tax credits, Houser and his wife were actually creditors of LFS, and had a financial interest in the cash proceeds derived from the sale of the tax credits, all of which Houser failed to disclose to Plaintiff and others.

14.

Houser, on at least one occasion, traveled to an event, all expenses paid for by LFS, for the purpose of promoting LFS, its business, and the tax credits, for the benefit of himself and LFS. Houser failed to disclose to Plaintiffs and others his financial interest in the cash proceeds which were derived from the tax credits and the benefits he anticipated from the business of LFS

15.

Houser and his wife are the owners of 47 Construction, LLC, a Louisiana Limited Liability Company.

16.

Upon information and belief, at the time Houser solicited tax credit purchases from Elizabeth Payton, wife/of and Sean Payton and others, 47 Construction, LLC had entered into a multi-million dollar construction agreement to improve the film studio operated by LFS.

17.

Upon information and belief, at the time House solicited tax credit purchases from Elizabeth Payton, wife/of and Sean Payton and others, 47 Construction, LLC was claiming to be owed significant amounts of money from LFS by virtue of the construction agreement.

18.

Houser failed to inform Elizabeth Payton, wife/of and Sean Payton (and, upon information and belief, other purchasers) of his relationship to 47 Construction, LLC or 47 Construction, LLC's relationship to LFS.

19.

Upon information and belief, rather than creating an escrow account or another device to

protect the Plaintiffs' funds pending delivery of the tax credits, or performing due diligence review to determine whether LFS had such escrow or other devices available, the funds were delivered without such protections which resulted in the funds being wasted, converted and dissipated by LFS and/or others.

20.

The tortious and/or negligent mishandling of the purchase proceeds and/or tax credits by Houser and/or American Securities constitutes a breach of contractual, professional and fiduciary duties, giving rise to damages sustained by Plaintiffs and others similarly situated, including, without limitation, the purchase price, lost profits and opportunities, substantial expenses, including expenses to investigate Houser's mismanagement, attorney fees, loss of tax credits and loss of use of their money.

21.

Houser intentionally withheld from Plaintiffs his financial interest in the transactions he was promoting to them, failed to disclose and intentionally withheld from them the lack of protections to preserve the purchase money, and as a consequence, is guilty of unfair and bad faith dealings with them and is liable under Louisiana law, specifically Civil Code article 1997 for all of Plaintiffs' consequential damages, costs and attorney's fees.

22.

Houser's acts against Plaintiffs and others constitutes Unfair Trade Practices entitling Plaintiffs to their losses, treble damages and attorney fees pursuant to La. R.S.51:1401 et seq., the

"Unfair Trade Practices and Consumer Protection Law."

23.

Further, Houser is liable to Petitioners under La. C.C. art. 1967 as he induced Plaintiffs to rely to their detriment on his representations to protect their purchase money and to deliver the state tax credits, which he has failed to deliver.

24.

In the further alternative, Houser is liable to Petitioners under the doctrine of unjust enrichment as he has been enriched and Plaintiffs have been correspondingly impoverished. Upon information and belief, Houser kept all or a portion of the monies provided by Petitioners as a "commission" or "finders fee" or benefitted in other ways to enrich himself at the expense of Plaintiffs.   There is no justification for this enrichment and Plaintiffs' impoverishment.

25.

At all times relevant herein Houser was a Registered Representative of and/or agent and/or employee of Securities America acting within the course and scope of this duties.

26.

Securities America is liable unto Plaintiffs for the actions of Houser under the theory of *respondeat superior.*

27.

At all times relevant herein, Houser was an insured under a policy of insurance issued by American International Specialties Lines Ins. Co., providing coverage for the actions of House alleged herein.  Pursuant to La. R.S. 22:1269 Plaintiffs are entitled to a direct action against

American International Specialties Lines Ins. Co., for the actions and damages caused by Houser, within the terms and limits of said policy.

## Class Allegations

28.

Plaintiffs bring this action pursuant to Federal Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and a class of others similarly situated, preliminarily defined as: "All citizens of the United States who did not have an investment account with Kevin Houser or American Securities, Inc., but who, at any time between January 1, 2005 and March 31, 2009, purchased or attempted to purchase Louisiana Infrastructure Tax Credits from Louisiana Film Studios, LLC, through Kevin Houser and/or American Securities, Inc.":

    a.    The number of these persons is unknown at present but reasonably believed to exceed 100 persons; the joinder of this number of parties as Plaintiffs in one proceeding would be impracticable;

    b.    There exist common questions of law and/or fact, including, but not limited to:

        1.    Whether Houser had a duty to escrow, sequester or otherwise protect the purchase proceeds until the tax credits were delivered?

        2.    Whether Houser breached a contractual, professional and/or fiduciary duty by co-mingling funds?

        3.    Whether Houser breached a contractual, professional and/or fiduciary duty by failing to deliver tax credits?

        4.    Whether Houser breached a contractual, professional and/or fiduciary duty by allowing funds that were intended to be used for the purchase of tax credits to be used for unauthorized purposes and/or purposes which did not result in the issuance and/or delivery of the tax credits?

        5.    Whether Houser breached a contractual, professional and/or fiduciary duty by operating under a conflict of interest?

        6.    Whether Houser breached a contractual, professional and/or

                fiduciary duty by failing to provide an accounting?

c.     Plaintiffs' claims are typical of the claims of the other members of the putative class;

d.     Plaintiffs have retained competent counsel and are committed to the faithful and adequate representation of the proposed class;

e.     The proposed class is defined objectively in terms of ascertainable criteria, such that the Court may determine the constituency of the class for the purposes of the conclusiveness of any judgment that may be rendered;

f.     Certification is appropriate under Rule 23(b)(2), as the defendants have acted on grounds generally applicable to the class making final declaratory or injunctive relief appropriate for and to the class as a whole;

g.     In addition, or in the alternative, certification is appropriate under Rule 23(b)(2), as the common issues predominate over the individual issues, and the class action is a superior method of adjudicating the controversy.

29.

Plaintiffs seek certification under Rule 23(b)(2) for an accounting.

30.

Plaintiffs seek certification under Rule 23(b)(2) for damages owed as a result of Defendants' intentional and/or negligent breach of contractual, professional and/or fiduciary duties.

31.

Plaintiffs do *not* seek to certify any claims based upon fraudulent misrepresentation and/or other fraud.

**WHEREFORE,** Plaintiffs Elizabeth Payton, wife/of and Sean Payton pray that this Complaint be deemed good and sufficient; that after due proceedings be had, a class action be certified in accordance with Rule 23(b)(2) and/or (b)(3); and that, after further proceeding be had, there be judgment in their favor and against all defendants as follows:

1. For all actual damages in an amount to be proven at trial or motion, including but not limited to full restitution of all sums paid;

2. For all other damages occasioned by defendant's actions, omissions, and bad faith actions, and violations of the applicable laws cited herein, including without limitation lost profits and opportunities, substantial expenses to investigate defendant's mismanagement, and inconvenience;

3. For all exemplary damages occasioned by defendant's bad faith actions and violations of the applicable laws cited herein;

4. For all illegal dividends and/or transfers made to the detriment of Plaintiffs;

5. For all pre-petition, pre-judgment and post-judgment interest as allowed pursuant to the laws of Louisiana;

6. For all costs of this suit, including without limitation attorneys fees; and,

7. For such other relief as the Court deems just and proper.

Respectfully submitted,


By: /s/ Matthew B., Moreland
DANIEL E. BECNEL, JR. (#2926)
MATTHEW B. MORELAND (#24567)
BECNEL LAW FIRM, LLC
P. O. Drawer H
106 West Seventh Street
Reserve, Louisiana 70084
Telephone: (985) 536-1186
Facsimile: (985) 536-6445
E-mail: dbecnel@becnellaw.com

**Attorney for ELIZABETH PAYTON, wife/of and SEAN PAYTON**